BENJAMIN BURTON, guardian of MARTHA D. BURTON *vs.* GEORGE TUNNELL and sureties.

If an administrator become guardian to a minor interested in the estate, he must do some act transferring the assetts in his hands, as administrator, in order to charge himself and sureties under the guardian bond.

The passing a guardian account is sufficient.

*Quere.* If the neglect to pass such an account would not charge him under a breach for neglect of duty, in case the administration security fails?

THIS was an action on a guardian bond against principal and sureties.

The defendant, George Tunnell, was administrator of Miers Burton, the father of Martha Burton, and passed sundry administration accounts showing balances in his hands, and distributing the same among the heirs, including this plaintiff. He afterwards became the guardian of Martha Burton, the plaintiff, and gave bond with the other defendants, his sureties. He never passed any guardian account; but was removed, and Ben. Burton appointed in his place.

This suit was brought against him as former guardian, to recover the balance so distributed to the plaintiff, as her share of her father's estate.

*Cullen* moved a nonsuit.

*By the Court.*—This question was decided in the old Court of Errors and Appeals. (*State use Owens* vs. *Luff*, *M. S.*; 5 *Mason Rep.* 95; *Pratt* vs. *Northam*, 1 *Kinne Comp.* 388; 1 *Dana's Rep.* 514; 4 *Mason Rep.* 131, *Taylor* vs. *De Blois.*) In order to charge the guardian and his sureties, for money which comes into his hands as administrator, he must do some act signifying his purpose to change the fund into the guardianship; such as passing an account charging himself as guardian. Or, without such actual change of

of the fund, if by his neglect to do so, which in his case, would be equivalent to neglecting to collect a debt due from another, the money should be lost by the insolvency of sureties in the administration bond, a breach of the condition of the guardian bond founded on this neglect, might, perhaps, warrant a recovery. But in the present case, the single breach is, that the money being in defendant's hands as guardian, he did not pay, &c. We think he cannot recover on this breach. If he were, it would not prevent a recovery again on the administration bond. There cannot be a doubt, that if this action were on the administration bond, the plaintiff would recover on the proof now offered; for it shows an admission of the money in defendant's hands in that character.

Judgment of nonsuit.

*Houston* and *McFee,* for plaintiffs.
*Cullen,* for defendants.